IN THE
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

Scholz Design, Inc.

    Plaintiff,

vs.       Civil Action No.: 1:09-cv-00282-WDQ

Zubair Mohamed, *et al.*

-o0o-
## ANSWER TO COMPLAINT
### (with Jury Trial Demand)

Defendants, Zubair Mohamed, Amal Mohamed and Bull Run CADD, LLC, by their attorneys, Francis J. Collins and Kahn, Smith and Collins, P.A. answer the complaint and state:

### GENERAL DENIALS AS TO ALL COUNTS

1.     Defendants did not commit the wrongs alleged.

2.     Defendants are not indebted as alleged.

### AFFIRMATIVE DEFENSES

3.     The complaint fails to state a claim upon which relief can be granted.

4.     Plaintiff lacks standing to bring the subject claim. Plaintiff also is not authorized to do business in Maryland.

5.     Accord and satisfaction.

6. Collateral estoppel.

7. Estoppel.

8. Fraud.

9. Illegality.

10. Laches.

11. Payment.

12. Release.

13. Statute of limitations.

14. Waiver.

15. The subject claim is barred by Plaintiff's failure to exhaust its administrative remedies.

16. The subject claim is barred or limited by Plaintiff's failure to mitigate its alleged damages.

17. The subject claim is barred by the doctrine of unclean hands.

18. The subject claim is barred because Plaintiff is committing a violation of the Maryland Consumer Protection Act. Plaintiff sent Defendant simple "floor plans," not the building plans or architectural drawings. Upon review of the floor plans and after discussions with Plaintiff regarding modifications to the floor plans, the Mohameds decided not to use Plaintiff's plans and hired Bull Run. Defendants never received any building plans from

Plaintiff. The Mohameds and Bull Run then prepared their own building plans for the subject house. Plaintiff induced the Mohameds to accept the "floor plans" as an inducement to use its services and to buy its building plans. The floor plans are no more than sales materials and contain no intellectual property. The floor plans were sent in the hope of selling the Mohameds the building plans and architectural drawings. At no time did the Mohameds ever know or contemplate that receipt of the floor plans would expose them to a claim of copyright infringement. Plaintiff has employed throughout the U.S. a litigation tactic of inducing consumers into accepting receipt of simple floor plans and then suing them for alleged copyright infringement. This practice constitutes a violation of Maryland's Consumer Protection Act and is an abuse of civil process.

19. The copyright claimed by Plaintiff is invalid and the work was not original; it lacks copyrightable subject matter and Plaintiff is not the owner of the copyright. The subject of the work is in the public domain and was not properly registered. Moreover, Plaintiff failed to inform Defendants that it was claiming that the floor plans (as opposed to its building plans) were copyrighted.

20. The subject matter of the claimed copyright was independently created by Defendants.

21. The subject matter of the copyright infringement is *de minimis* and within the fair use doctrine. The subject matter claimed to be the subject of the copyright is not copyrighted expression; it is merely ideas.

22. The copyright holder forfeited its rights to the copyright and/or the rights have expired under law.

23. By supplying the subject materials to Defendants for the purpose of making a sale, Plaintiff gave Defendants permission to view and use the subject floor plans.

24. The floor plans are simple drawings that contain little more than a proposed layout of the first floor of a dwelling. That information is not copyrightable. If any copying of the copyrighted material took place it was *de minimis* and did not constitute misappropriation.

**SPECIFIC DENIALS REGARDING ALLEGATIONS OF COMPLAINT**

With regard to each numbered allegation of the complaint Defendants allege:

1. Defendant has no knowledge to admit or deny.

2. Admitted.

3. Bull Run prepared CADD drawings for the subject house but is not an architect.

4. Admitted.

5. Admitted.

6. Admitted.

7. Defendant has no personal knowledge to admit or deny.

8. Defendant has no personal knowledge to admit or deny.

9. Defendant has no personal knowledge to admit or deny.

10. Defendant has no personal knowledge to admit or deny. What Plaintiff calls the Manorstone Design appears to be a derivative work based on suggestions by Zubair Mohamed and was copyrighted by Plaintiff without Mohamed's permission. The floor plan that was sent by Plaintiff to the Mohameds did not contain notice that it was copyrighted.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Defendants deny all aspects of Plaintiff's requested relief.

WHEREFORE, Defendants request that Plaintiff's complaint be dismissed.

> KAHN, SMITH & COLLINS, P.A.
>
> By: _____/s/_____
> Francis J. Collins, Esq.
> 201 N. Charles St. 10th Floor
> Baltimore, MD 21201
> 410-244-1010
> collins@kahnsmith.com

## JURY TRIAL DEMAND

Defendants elect to have this case tried by a jury.

> _____/s/_____
> Francis J. Collins, Esq.